UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA SHENK

    *Plaintiff,*

    v.

HUMANE SOCIETY OF
CARROLL COUNTY, INC., *et al.,*

    *Defendants.*

Civil No. 1:20-CV-443-JRR

**MEMORANDUM OPINION**

The court has before it Defendants' Motion to Strike or to Dismiss, or Alternatively for More Definite Statement (ECF 45; the "Motion"). The Motion is directed at the Second Amended Complaint (ECF 44). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

Plaintiff, self-represented, filed a Complaint (ECF 1) on February 20, 2020. In response, Defendants filed a Motion to Dismiss or, Alternatively, for Summary Judgment (ECF 13). In response to ECF 13, Plaintiff sought the court's permission to amend her complaint. By order of April 15, 2021 (ECF 23), Judge Hollander granted Plaintiff's request, denied the motion at ECF 13 as moot, and set forth detailed, clear instruction as to the pleading requirements set out in Rules 8 and 10 of the Federal Rules of Civil Procedure. Judge Hollander cautioned Plaintiff: "Plaintiff is forewarned that failure to file the amended complaint or to otherwise comply with this Order will result in dismissal of this action, without prejudice, and without further notice." (ECF 23.)

On May 6, 2021, Plaintiff filed an Amended Complaint (ECF 24), a 53-page, 65-count pleading. In response, Defendants renewed their dispositive motion (ECF 29). By memorandum opinion and order of January 27, 2022 (ECF 36), Judge Hollander dismissed with prejudice counts

13, 14, 15, and 56; denied the motion as to counts 1, 3, 4, 6, and 8; dismissed without prejudice the remaining 56 counts; and allowed Plaintiff 28 days to file a second amended complaint to rectify the considerable problems that beset the First Amended Complaint, as Judge Hollander described in detail throughout her ruling.

Importantly, Judge Hollander, again, recited for the benefit of Plaintiff the requirements of the court rules with respect to pleadings, and explained that although the court liberally construes pleadings filed by self-represented parties and does not expect of Plaintiff the same rigorous application of the court rules as is expected of a lawyer, "'the leeway extended to a *pro se* plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8.'" (ECF 36 at p. 14, quoting *Adam v. Wells Fargo Bank, N.A.*, JFM-09-3287, 2010 WL 3001160, at *3 (D. Md. July 28, 2010).)

On March 30, 2022, Plaintiff filed a Second Amended Complaint (ECF 44) that is the subject of the instant Motion. Defendants assert that the Second Amended Complaint violates Local Rule 103.6, which requires Plaintiff to file and serve a comparison copy of the amended pleading in order that the opposing party and the court can discern the differences among the original and amended pleadings. Defendants are correct. Defendants are also correct that the requirements of Local Rule 103.6 are not mere technicalities or niceties, particularly when reviewing and considering how to respond to a pleading with the breadth and length of Plaintiff's Second Amended Complaint.

Defendants are also correct that the Second Amended Complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure, which Judge Hollander very carefully laid out in her memoranda described above. Rule 8 requires, among other things, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a).[1]  Rule 10 provides in relevant part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense."  FED. R. CIV. P. 10(b).  As with the requirements of Local Rule 103.6 described above, the mandates of Rules 8 and 10 are meaningful and important.  Indeed, they recite the cornerstones of pleading, as they ensure that the court and all responding parties share a clear understanding of what a plaintiff complains of, alleges, and demands, which in turn, ensures an unambiguous response by a defendant.

Plaintiff asserts in opposition to the Motion (ECF 49) that it would be unfair to dismiss her complaint because she is neither a lawyer nor represented by one.  Plaintiff expresses willingness to file a more definite statement but seeks clarification from Defendants as to "what is unclear." (ECF 49.)

The court is ever mindful that self-represented persons must be given fulsome access to our court system.  Likewise, as set forth above, self-represented parties are fairly expected to comply with the Federal Rules of Civil Procedure – and courts are cautioned to be reasonably flexible and not unduly rigid in their expectations in this regard.  The court has extended several opportunities for Plaintiff to amend her pleading, extending deadlines to do so, and has (through Judge Hollander) outfitted Plaintiff with thorough, clear instruction on what the rules require. Long before Plaintiff filed her Second Amended Complaint, Defendants (through their motions papers) and the court (through its memoranda) stated as plainly as possible the ways in which

---

[1] Similarly, "shotgun pleadings" – lengthy, prolix pleadings that are a tangle of unclear, confusing or disorganized allegations place the responding party in the unfair position of figuring out how to respond in a manner that at once comports with the court rules and does not unwittingly yield, or assert, a position – are subject to dismissal.

Plaintiff's pleadings are unclear, confusing, and non-compliant with the Federal Rules of Civil Procedure. The court has strained to construe the totality of Plaintiff's complaints, allegations and demands in such a way as would enable Plaintiff to proceed on her Second Amended Complaint to no avail. Notwithstanding Judge Hollander's clear recitation of the basic pleading requirements and extended deadlines to comply with same, Plaintiff's Second Amended Complaint runs afoul of the Federal Rules of Civil Procedure and Local Rules to such a degree that it would be fundamentally unfair to expect Defendants to answer.

For the reasons set forth herein, the Motion will be **GRANTED IN PART AND DENIED IN PART** by accompanying order of court. Specifically: (1) the Second Amended Complaint will be stricken for material non-compliance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland; (2) Plaintiff is entitled to proceed solely on Counts 1, 3, 4, 6, and 8 of her Amended Complaint (ECF 24) in accordance with Judge Hollander's Order at ECF 37, paragraph 1(a); and (3) all other requested relief set forth in the Motion will be denied as moot. Plaintiff is required to make herself familiar with the Federal Rules of Civil Procedure, as well as the Local Rules of this court, which are available on the court's website at [Local Rules | District of Maryland | United States District Court (uscourts.gov)](). Failure to abide the Federal Rules of Civil Procedure and the Local Rules of this court may result in dismissal of this action or other sanction.

                                                          /s/
                                      Julie R. Rubin
                                      United States District Judge
                                      May 20, 2022