UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA SHENK

   *Plaintiff,*

   v.

HUMANE SOCIETY OF
CARROLL COUNTY, INC., *et al.,*

   *Defendants.*

Civil No. 1:20-CV-443-JRR

### MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Amend (ECF 53) and Defendants' Opposition to same. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

As set forth in greater detail in the court's memorandum opinion issued May 20, 2022 (ECF 50), the court has afforded Plaintiff wide latitude and opportunities to plead her claims in accordance with the Local and Federal Rules. The court is ever-mindful and sensitive to the challenges self-represented litigants face; with that in mind, the court has not demanded of Plaintiff the rigid compliance with court rules generally required of parties aided by counsel. That said, the court is also mindful that as important as it is to ensure self-represented litigants be provided open and equal access to the courts in this manner, fairness likewise demands that a party represented by counsel not be expected to endure material departures from court rules – especially where doing so imposes an unreasonable delay, expense or other prejudice.

Most recently in this case, the court struck Plaintiff's Second Amended Complaint and ordered that the matter proceed on Counts 1, 3, 4, 6, and 8 of her Amended Complaint (ECF 24) in accordance with Judge Hollander's Order at ECF 37, paragraph 1(a); and required Plaintiff to certify in writing that she has familiarized herself with the Local Rules and the Federal Rules of

Civil Procedure.  Notwithstanding her (untimely) compliance with this certification requirement, Plaintiff's instant request for leave to amend again her complaint renders the court unable to conclude that justice would be served by granting such leave.  FED. R. CIV. P. 15(a)(2).

      The court does not conclude this lightly, but nonetheless does so conclude.  Despite having certified her familiarity with court rules, and despite the court's (by Hon. Ellen Lipton Hollander) clear and precise instructions on the basic requirements of pleading, and repeated warning that "[f]ailure to abide the Federal Rules of Civil Procedure and the Local Rules of this court may result in dismissal of this action or other sanction," the Motion to Amend does not attach the proposed amended pleading or a comparison copy; and Plaintiff has ignored the basic requirement that she seek defense counsel's consent "[b]efore filing a motion requesting leave to file an amended pleading."  LOCAL RULE 105.6 (D. Md. 2021).  That Plaintiff admits these failures (ECF 53, p.2) does not ameliorate or excuse them.  With no understanding of the scope or content of Plaintiff's proposed amended pleading, no explanation for her failure to abide the court rules with which she asserts she has become familiar, and against the backdrop of prolonged delay without countervailing benefit, the Motion to Amend at ECF 53 will be denied by accompanying order.

                                                               /s/
                                            Julie R. Rubin
                                            United States District Judge

July 18, 2022